**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NG FOOK FUNERAL SERVICES, L.L.C.,

                Plaintiff,        Civil Action No. _____

  v.

ANFU FUNERAL HOME LLC,           **COMPLAINT**
                                                   **JURY TRIAL DEMANDED**

                Defendant.

---

Plaintiff, Ng Fook Funeral Services, L.L.C. (hereinafter, "Plaintiff" or "Ng Fook"), by its attorneys Hodgson Russ LLP, hereby alleges on knowledge as to its own conduct and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, dilution, false designation of origin, unfair competition, and misappropriation, pursuant to the laws of the United States and/or the State of New York. Plaintiff seeks an injunction, damages and related relief and hereby demands trial by jury.

## JURISDICTION AND VENUE

2. This Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for unfair competition. This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because Defendant resides and/or conducts business in this District and, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damage to Plaintiff in this District.

4. Personal jurisdiction exists over Defendant because, on information and belief, Defendant resides and/or conducts business in New York and in this judicial district, or otherwise avails itself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

## THE PARTIES

5. Plaintiff, Ng Fook, is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business located at 36 Mulberry Street, New York, New York 10013.  Plaintiff, by and through its licensees, is engaged in the funeral services business and operates four funeral parlors all under the FOOK family of trademarks.  Plaintiff owns federal registered and common-law trademarks associated with its funeral parlor services.

6. Defendant, Anfu Funeral Home LLC ("Defendant" or "Anfu") is a recently formed limited liability company organized and existing under the laws of the State of New York, having a registered place of business at 27-31 Madison Street, New York, New York 10038.

# FACTUAL BACKGROUND

### The Fook Funeral Group

7.  Plaintiff and its authorized licensees operate under the trade name and trademark FOOK, the transliteration of FOOK, 福 in Mandarin, and FOOK FUNERAL GROUP, for a chain of funeral homes located in New York City that provide funeral services primarily to the Asian American community performed in the Chinese culture and tradition.

8.  Plaintiff traces its use of the FOOK trademark to 1976 when its predecessor in interest first began use of the FOOK, 福, and FOOK transliteration design trademarks (hereinafter, collectively the "FOOK Trademarks"), in connection with its first funeral home located in the heart of New York City's Chinatown area at 36 Mulberry Street. Plaintiff continues to operate under the FOOK Trademarks from 36 Mulberry Street in New York to this day, and 36 Mulberry Street is known as Plaintiff's flagship location.

9.  Since 1976, Plaintiff has grown the Fook Funeral Group. Plaintiff now operates, through its authorized licensees, four funeral homes throughout New York City, which operate under a family of FOOK Trademarks. As a result of close to 44 years of continuous use of the FOOK Trademarks in interstate commerce, Plaintiff has acquired and established common law rights in the FOOK Trademarks.

10. The FOOK Trademarks are also the subject of registration before the United States Patent and Trademark Office. Plaintiff is the owner of:

> a.  U.S. Trademark Registration No. 3,820,257 (the "'257 Registration") for the mark FOOK in connection with funerary services, namely, consultation and planning for funerals and memorials; arranging and conducting ceremonies for funerals and memorials; arranging and coordinating viewings, transportation,

        receptions, flowers, caskets, vaults, urns, ceremonial accouterments, interment, and notices.  The '257 Registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065; and

    b.    U.S. Trademark Registration No. 3,805,486 (the "'486 Registration") for the Mandarin transliteration of FOOK, namely [logo] for funerary services, namely, consultation and planning for funerals and memorials; arranging and conducting ceremonies for funerals and memorials; arranging and coordinating viewings, transportation, receptions, flowers, caskets, vaults, urns, ceremonial accouterments, interment, and notices.  The '486 Registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

Copies of the foregoing registrations are annexed hereto as **Exhibit A.**

11.    In addition to the FOOK Trademarks, Plaintiff is also the owner of several FOOK trademark variations for funeral services, including NG FOOK and its transliteration 五福 in Mandarin, KING FOOK and its transliteration 璟福 in Mandarin, BOE FOOK and its transliteration 寶福 in Mandarin, and CHUN FOOK and its transliteration 全福 in Mandarin, which comprise a family of marks for a wide variety of funeral-related services (hereinafter, collectively "Plaintiff's Family of Marks").

12.    Plaintiff's Family of Marks are prominently displayed upon Plaintiff's website, in advertising and promotion materials, and upon signage at each of the funeral home locations within the FOOK FUNERAL GROUP.

13.    Plaintiff's Family of Marks have been used consistently since from between 11 and 44 years.  As a result of longstanding continuous and exclusive use of Plaintiff's Family of Marks by Plaintiff and its authorized licensees in interstate commerce, Plaintiff's

Family of Marks have acquired and established common law rights and have become well known to the consuming public.

14. Over the past 44 years, Plaintiff has invested an extraordinary amount of time, effort, and expense developing the Fook Funeral Group of funeral parlors in New York City. For far longer than any time frame that could possibly be claimed by Defendant, Plaintiff's Family of Marks have been widely advertised, offered for sale, and sold throughout New York and the Tri-State area. At all times, Plaintiff's Family of Marks have been owned exclusively by Plaintiff. Without question, Plaintiff's Family of Marks are ubiquitous throughout New York City.

15. Plaintiff, by and through its licensees, engages in various advertising customary in the funeral trade, such as advertising within print media which is distributed in interstate commerce and upon Plaintiff's website.

16. Plaintiff's Family of Marks are promoted through various philanthropic activities including, but not limited to, the Celestial Love Foundation, which provides funeral services to individuals in need of financial assistance; donations to the Queens Botanical Garden; and New York-Presbyterian Hospital.

17. As a result of the Plaintiff's exclusive and extensive use and promotion of Plaintiff's Family of Marks, the Plaintiff's Family of Marks have acquired enormous value, secondary meaning, and widespread recognition both within New York and also within the United States for excellence in association with Plaintiff's funerary services. As a result of the extensive and continuous use of Plaintiff's Family of Marks in connection with the advertisement and promotion of Plaintiff's funerary services, consumers have come to recognize

and identify Plaintiff's Family of Marks as representative of the quality events and services provided by Plaintiff. As a result, Plaintiff has gained significant common law rights in Plaintiff's Family of Marks.

18. Plaintiff's efforts, the quality of Plaintiff's services, Plaintiff's marketing efforts, and the word of mouth by satisfied families, has prominently placed Plaintiff's Family of Marks in the minds of the consuming public, and they associate Plaintiff's Family of Marks solely with Plaintiff.

19. Plaintiff's Family of Marks generate substantial revenue for Plaintiff. As a result, Plaintiff's Family of Marks, together with the goodwill associated therewith, are of inestimable value to Plaintiff.

20. Plaintiff monitors and supervises the quality and marketing of the services performed under Plaintiff's Family of Marks to safeguard and enhance the enviable reputation embodied in the Plaintiff's Family of Marks, consistent with the Fook Funeral Group's legacy for service.

## DEFENDANT'S WRONGFUL ACTS

21. On June 5, 2019, long after the adoption of Plaintiff's Family of Marks and without the knowledge or authority of Plaintiff, Defendant formed a limited liability company under the name Anfu Funeral Home LLC with the New York Secretary of State (hereinafter, the "Offending Trade Name").

22. Defendant recently began advertising and promoting the opening of a new funeral home at 27-31 Madison Street, New York—a mere six tenths of a mile from Plaintiff's

flagship location on Mulberry Street using the name 安 福 (in Chinese) and ANFU (in English) (hereinafter, individually, the "Offending Mark" or collectively, "Offending Marks") Funeral Home.  In Chinese, depending on the dialect, the Offending Mark, 安 福, is pronounced AN FOOK or AN FOO.  The English letters FU (pronounced foo) presented in the Offending Mark, ANFU, is an alternative transliteration of the character 福 or FOOK.

23.  Defendant purposely selected and promotes its funerary services as 安 福 to play off the similarity and goodwill associated with Plaintiff's Family of Marks.  This is evident because Defendant placed a space between the Chinese characters on its signage the same way Plaintiff does.

24.  Defendant's use of the FOOK, FU, or 福 mark in connection with funerary services is confusingly similar to Plaintiff's Family of Marks and will mislead the consuming public.

25.  A side by side comparison of Plaintiff's Family of Marks and the Offending Mark in Mandarin reveals the similarity of the Offending Mark with each of the marks within Plaintiff's Family of Marks, namely the misappropriation of the 福/FOOK element:

| PLAINTIFF'S FAMILY OF MARKS | PLAINTIFF'S FAMILY OF MARKS | THE OFFENDING MARK |
|---|---|---|
| FOOK | 福 | 安 福 |
| NG FOOK | 五 福 | 安 福 |
| KING FOOK | 環 福 | 安 福 |
| BOE FOOK | 寶 福 | 安 福 |

| CHUN FOOK | 全 福 | 安 福 |

26. In an effort to foster confusion among consumers and the trade as between the Plaintiff's Family of Mark and the Offending Marks, on February 26, 2020, Defendant celebrated its opening at a ribbon cutting ceremony where it promoted the Offending Marks by using it on storefront signage as shown below.





27. Defendant has also placed advertisements for its funerary services under the Offending Mark in the same newspapers which Plaintiff advertises its funerary services under Plaintiff's Family of Marks as shown below.



28.     The goods and services being offered for sale and sold by Defendant in interstate commerce under the Offending Marks are the same as the goods and services offered by Plaintiff and its licensees, and such goods and services are directed and targeted toward the same group of ultimate consumers as are Plaintiff's.

29.     Numerous members of the Asian American community, confused about the association between Plaintiff's Family of Marks and the Offending Marks, have telephoned Plaintiff to congratulate it on its new location—wrongfully assuming that Defendant is the same as Plaintiff.  Several members of the media have also contacted Plaintiff asking it to advertise its

new location in their magazines and newspapers—wrongfully assuming that Defendant is the same as Plaintiff.

30. On February 10, 2020, after learning of Defendant's planned funeral home and its use of the Offending Marks, Plaintiff sent a cease and desist letter to Defendant via Certified and First Class Mail.  U.S. Postal Service tracking confirms receipt of the cease and desist letter by Defendant on February 12, 2020.  As of the date of this Complaint, no response from Defendant has been received.

31. Defendant's use of the Offending Marks and the Offending Trade Name is likely to cause confusion, mistake, or deception.  Defendant's use of the Offending Marks and the Offending Trade Name are intended to suggest, mislead, and confuse consumers and the trade into believing that Defendant and its business is associated with, authorized by, endorsed by, or sponsored by Plaintiff—when, in fact, it is not.

32. Plaintiff is informed and believes, and thereon alleges, that Defendant intended early on to use and trade on Plaintiff's goodwill and reputation to promote its own business a mere (0.6) miles from Plaintiff's funeral home.  Defendant well understood that Plaintiff's goodwill and reputation are embodied in Plaintiff's Family of Marks, and that the marks have substantial value.

33. Defendant intentionally used and continues to use the Offending Marks and the Offending Trade Name in connection with funeral services directed to the consuming public and the Asian American community in such a way that Plaintiff's goodwill and reputation would be transferred to Defendant in the minds of consumers.

34. Defendant's use of the Offending Marks less than one mile away from Plaintiff's flagship funeral home location—which has been in existence for 44 years—was deliberately designed to deceive and confuse consumers. In fact, Defendant's use of the Offending Marks is causing irreparable harm to Plaintiff by confusing and misleading consumers as to the source of Defendant's funerary services.

35. In undertaking the deceptive actions described herein, Defendant intentionally confused and mislead consumers and the trade as to the source, origin, sponsorship, and/or affiliation of the Offending Marks and Offending Trade Name.

36. Through these actions, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Plaintiff: infringed and diluted the distinctive quality of Plaintiff's Family of Marks; engaged in unfair competition; and unfairly and unjustly profited from such activities at Plaintiff's expense.

37. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
**Federal Trademark Infringement**
**(15 U.S.C. §§ 1114, 1125(a))**

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff is the owner of the FOOK Trademarks. The FOOK Trademarks are valid, federally registered trademarks entitled to protection under the Lanham Act. Under

these registrations, Plaintiff has the exclusive right to use the trademark. Plaintiff also has common law rights in the trademarks.

40. Plaintiff has used the inherently distinctive and well known FOOK Trademarks continuously in connection with its funerary services.

41. Plaintiff has exerted significant effort and expense to promote the FOOK Trademarks in interstate commerce.

42. As a result of Plaintiff's use and promotion of the FOOK Trademarks, the FOOK Trademarks have developed secondary meaning as an indicator that Plaintiff is the source of services identified by the FOOK Trademarks.

43. The FOOK Trademarks represent valuable goodwill owned by Plaintiff.

44. Defendant has received notice of Plaintiff's ownership and prior use of the FOOK Trademarks, and has nonetheless continued its use of the Offending Marks knowingly, willfully, and maliciously, with intent to trade upon the reputation and goodwill of Plaintiff, by causing confusion and mistake among consumers, and by deceiving them.

45. Defendant has willfully, deliberately, and in conscious disregard of Plaintiff's rights used the FOOK Trademarks in interstate commerce in connection with its offer for sale and sale of funerary services.

46. Defendant's use of the FOOK Trademarks is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its services, in that

consumers or others are likely to believe Defendant's services are Plaintiff's services or those of a company legitimately connected with, approved by, or related to Plaintiff.

47. Defendant's use of the FOOK Trademarks enables Defendant to represent and deceptively advertise, market, display, and promote its funerary services as emanating from Plaintiff or from a business legitimately connected with, approved by, or related to Plaintiff, and to substitute or pass off Defendant's services as those of Plaintiff.

48. Defendant has knowingly and willfully used reproductions, copies, and colorable imitations, and infringed the FOOK Trademarks in interstate commerce in violation of 15 U.S.C. § 1114.

49. The willful nature of Defendant's conduct described herein renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

50. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained, and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 *et seq.*

51. Defendant's conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiff's rights in the FOOK Trademarks, and to Plaintiff's business, reputation, and goodwill, which cannot be adequately compensated solely by monetary damages.

52. Plaintiff therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### Federal Trademark Infringement, False Designation of Origin, and Unfair Competition
### (Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a))

53. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. Defendant's actions described above and its continued use of the confusingly similar Offending Marks, in connection with the marketing, advertising, promotion, distribution, offering for sale and sale of funerary services constitutes infringement, unfair competition, and the use of false designations of origin, and false descriptions and representations falsely suggesting that Defendant's use of the Offending Marks and Offending Trade Name are connected with, sponsored by, endorsed by, affiliated with, or related to Plaintiff and Plaintiff's Family of Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. As a direct and proximate result of Defendant's actions, Defendant has damaged, and will continue to cause damage to Plaintiff's goodwill and the goodwill associated with Plaintiff's Family of Marks. Moreover, Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff and to the public—which is deceived as to the source and sponsorship of Defendant's use of the Offending Marks and Offending Trade Name, and deceived as to the nature, characteristics and qualities of the funerary services offered by Defendant—unless restrained and enjoined by this Court.

56. Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing, unfair and unlawful actions and from injuring Plaintiff.

57. As a further direct and proximate result of Defendant's actions, Plaintiff has been, and will continue to be damaged and suffer irreparable harm, which if not enjoined will cause immediate and imminent irreparable injury and monetary loss in an incalculable amount.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### Use of Name with Intent to Deceive
### (N.Y. Gen. Bus. L. §133)

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. Defendant's actions described above have been undertaken with the intent to deceive or mislead the public as to Defendant's identity, Defendant's connection to Plaintiff, and the origin, sponsorship, or approval of Defendant and/or the services of Defendant under the Offending Marks—all in violation of N.Y. Gen. Bus. L. § 133.

60. As a direct and proximate result of Defendant's actions, Defendant has damaged, and will continue to cause damage to Plaintiff.

61. Plaintiff has no adequate remedy at law and Plaintiff has been, and will continue to be damaged and suffer irreparable harm, which if not enjoined will cause immediate and imminent irreparable injury and monetary loss in an incalculable amount.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### Common Law Trademark Infringement, Unfair Competition, and Misappropriation

62. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein.

63. Defendant's actions described above constitute trademark infringement, unfair competition, and misappropriation of the Plaintiff's Family of Marks through Defendant's use of the Offending Marks and Offending Trade Name in violation of the common law of the State of New York.

64. Defendant's actions described above have at all times relevant to this action been willful and in bad faith.

65. As a direct and proximate result of Defendant's actions, Defendant has damaged, and will continue to cause damage to Plaintiff.

66. Plaintiff has no adequate remedy at law and Plaintiff has been, and will continue to be damaged and suffer irreparable harm, which if not enjoined will cause immediate and imminent irreparable injury and monetary loss in an incalculable amount.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### Injury to Business Reputation and Dilution
### (N.Y. Gen. Bus. L. § 360-l)

67. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 66 above as if fully set forth herein.

68. Defendant's use and continued threatened use of the Offending Marks and Offending Trade Name are likely to cause injury to Plaintiff's business reputation, and blur or tarnish the affirmative associations that Plaintiff's consumers and the trade have come to associate with Plaintiff over the last 44 years of having conducted business under Plaintiff's Family of Marks in the State of New York.

69. Plaintiff's Family of Marks are famous in the State of New York, by virtue of its extensive use by Plaintiff.

70. Plaintiff's Family of Marks was famous in the State of New York long prior to Defendant's use and continued threatened use of the Offending Marks and Offending Trade Name, which use and continued threatened use injures and will injure the business reputation of Plaintiff, and the distinctive quality of Plaintiff's Family of Marks.

71. Defendant's use and continued threatened use of the Offending Marks and Offending Trade Name has caused and threatens Plaintiff with immediate and irreparable harm from which it has no adequate remedy at law.

72. Defendant is liable to Plaintiff for violations of N.Y. Gen. Bus. Law § 360-l.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. Preliminarily and permanently enjoining and restraining Defendant, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

    a. Using, registering and/or applying to register any word(s), name(s), mark(s), trade name(s), logo(s), design(s), domain name(s), alone or in combination that is/are confusingly similar to or dilutive of Plaintiff's Family of Marks, including, the Offending Marks and Offending Trade Name;

    b. Representing by any means whatsoever, directly or indirectly, that there exists any connection, affiliation, association, or sponsorship relationship between Defendant, its goods or services, or any activities they have or will undertake, and Plaintiff; and

    c. Performing any other action calculated to dilute or likely to cause confusion, mistake and deception in the minds of the consuming public and trade as to the origin, association and sponsorship of Defendant, the Offending Marks, the Offending Trade Name, funerary services being offered in association with the Offending Marks and Offending Trade Name or with Plaintiff; and

  2. Directing Defendant, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, to:

    a. Remove and/or cancel all placements of any advertising or promotional signage in any media or format bearing or displaying the Offending Marks alone or in combination, that is/are confusingly similar to or dilutive of Plaintiff's Family of Marks, or used in a manner that: (i) is likely to cause confusion with or calculated to dilute Plaintiff's Family of Marks; and/or (ii) is intended to deceive the public as to the origin, sponsorship, or approval of Defendant and/or its funerary services; and

    b. Change the Infringing Trade Name within five (5) business days after the entry of any injunction to a name that is not confusingly similar to Plaintiff's Family of Marks.

  3. Directing Defendant to file with this Court and serve on Plaintiff's attorneys, ten (10) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the Court's injunction.

  4. Ordering corrective advertisements in a form approved by the Court that informs the public of the violations of the law as Plaintiff may prove, and to ameliorate the false and deceptive impressions produced by such violations.

  5. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

6. Ordering that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

7. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

8. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

9. Requiring Defendant to pay Plaintiff compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, unfair competition, misappropriation and dilution.

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11. Awarding Plaintiff its costs, disbursements and attorneys' fees incurred in bringing this action; and

12. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2020

                                  **HODGSON RUSS LLP**
*Attorneys for Ng Fook Funeral Services, L.L.C.*

                                  By: /s/ Neil B. Friedman
                                      Neil B. Friedman
605 Third Avenue, Suite 2300
New York, New York 10158
(646) 218-7605
nfriedman@hodgsonruss.com